**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
:
NOEL K. BANGO, :
 : Civil Action No.
  Petitioner, : 10-6180 (RBK)
 :
  v. : **MEMORANDUM OPINION & ORDER**
 :
KAREN GREEN-ALLEN, et al., :
 :
  Respondents. :
_____:


IT APPEARING THAT:

1.  On November 29, 2010, Petitioner, then being a federal inmate, filed the petition at bar, pursuant to 28 U.S.C. § 2241.[1]  See Docket Entry No. 1.  In his petition, Petitioner sought release from confinement and asserted that the potential notification of persons residing near the residence which Petitioner seemingly owns and to which he was seeking to be released would violate his rights.[2]  See id.  In addition, Petitioner filed an application for temporary restraining order: seeking to enjoin such notification of his neighbors.  See Docket Entry No. 1-2.

_____

[1] In alternative, Petitioner asserted that his application is a petition for a writ of mandamus.

[2] Petitioner anticipated such notice since Petitioner was convicted of sexual offences, and he knew that the neighboring families had small children.

Page -1-

2. On December 14, 2010, Petitioner filed a letter with the Clerk informing the Court that he was released from confinement. See Docket Entry No. 2. Petitioner's record with the Federal Bureau of Prisons indicates that he was released on December 3, 2010. See <<http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=noel&Middle=&LastName=bango&Race=U&Sex=U&Age=&x=0&y=0>>.

3. On December 28, 2010, Petitioner submitted another motion; that motion demanded that his former prison officials (or State officials) would repair his residential property: Petitioner so demanded on the grounds that Petitioner needed an income, that he wished to rent his property to obtain such income, and that he wished to insure his property and needed it repaired to satisfy the requirements of real estate insurance entities. See Docket Entry No. 3.

4. For the purposes of Petitioner's challenges seeking release from confinement, Petitioner's claims are facially moot. A district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pretrial petition for habeas corpus brought by a person who is in custody pursuant to an untried state indictment. See Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241 (c) (3)); Moore v. De Young, 515 F.2d 437, 442 (3d Cir. 1975). Since

Petitioner was incarcerated by reason at the time the petition was filed, "which is all the 'in custody' provision of 28 U.S.C. § 2254 requires," Spencer v. Kemna, 523 U.S. 1, 7 (1998), insofar as Petitioner's was in custody when he filed his habeas petition, he satisfied the "in custody" jurisdictional requirement.  See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).  However, "[u]nder Article III of the Constitution, a federal court may adjudicate 'only actual, ongoing cases or controversies.'"  Burkey, 556 F.3d at 147 (quoting Lewis v. Continental Bank Corp., 494 U.S. 472 (1990)); see also Wilson v. Reilly, 163 Fed. App'x 122, 125 (3d Cir. 2006)  ("[T]he exercise of judicial power depends upon the existence of a case or controversy") (quoting Chong v. District Dir., INS, 264 F.3d 378, 383 (3d Cir. 2001)). Thus, "Article III denies the District Court the power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies." Burkey, 556 F.3d at 147; see also Powell v. McCormack, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome").  The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome.

See Burkey, 556 F.3d at 147; County of Morris v. Nationalist Mvmt., 273 F.3d 527, 533 (3d Cir. 2001)) (stating that a court's ability to grant effective relief lies at the heart of the mootness doctrine).  Therefore, "if developments occur during the course of adjudication that eliminate a [litigant's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Speight v. Quintana, 2008 U.S. Dist. LEXIS 112610, at *2 (W.D. Pa. Oct.17, 2008).  "Generally, when a prisoner is challenging . . . execution of his sentence pursuant to a petition for writ of habeas corpus, the petition becomes moot if the prisoner completes his term of imprisonment before the habeas proceedings have concluded." Id. (citing Spencer, 523 U.S. at 7-8) (dismissing as moot habeas petition challenging the execution of sentence where petitioner had been released from incarceration).  Consequently, Petitioner's habeas challenges seeking release from confinement are subject to dismissal as moot.

5. However, the Court is mindful that Petitioner also asserts challenges based on the notification of his neighbors under the Megan Law.[3]  Although his habeas challenges to that

---

[3] The key provision of the statute is the community supervision.  See N.J.S.A. 2C:7-2, et seq.

effect were not expressly mooted by his release,[4] these challenges still are – and always were – subject to dismissal for lack of jurisdiction.  It is well settled that a petitioner is not "in custody" for purposes of 28 U.S.C. § 2254 if petitioner's "restraints" are limited to registration requirements.  In Williamson v. Gregoire, the Ninth Circuit addressed the question of whether a convicted child molester who had finished serving his sentence but was required to register under Washington state law as a sex offender, could be deemed "in custody" for purposes of habeas relief.  See 151 F.3d 1180, 1182 (9th Cir. 1998), cert. denied, 525 U.S. 1081 (1999).  The Williamson Court observed that, while the "in custody" requirement includes liberty restraints such as parole, released on own recognizance, and sentences of a few hours at an alcohol rehabilitation program, collateral consequences such as

---

[4] A habeas petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some collateral consequences in the future.  See Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968).  However, when a challenge to the execution of a sentence that has already been served is at issue, collateral consequences will not be presumed; they must be expressly asserted. See Spencer, 523 U.S. at 12-14; Burkey, 556 F.3d at 148-49  (in habeas action, "[o]nce a sentence has expired . . . some continuing injury, also referred to as collateral consequences, must exist for the action to continue").  This is so because, in such scenario, the central inquiry is whether it is "likely" that the collateral injuries claimed by the petitioner can be redressed by a favorable judicial decision. See United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002).

fines, revocations of licenses, and the inability to vote or serve as a juror are not sufficient to render the person "in custody." See id. at 1182-83 (citing Maleng, 490 U.S. at 492). The Williamson Court (1) held that the Washington sex offender law was more properly characterized as a "collateral consequence of conviction" rather than a restraint on liberty, see id.; and (2) found that the statute did not place a "significant restraint on [petitioner's] physical liberty." Id. at 1183-84. Furthermore, the registration requirement did not limit petitioner's movement or deny him entry to anywhere he may wished to go, although it may have create "some kind of subjective chill on [his] desire to travel." Id. at 1184. Consequently, the Williamson Court found that "the constraints of this law lack the discernible impediment to movement that typically satisfies the 'in custody' requirement." Id.; see also Leslie v. Randle, 296 F.3d 518, 522-23 (6th Cir. 2002) (reaching same result as Williamson but analyzing Ohio's sexual predator statute); Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir. 1999) (reaching same result as Williamson but analyzing California's sex offender registration law); McNab v. Kok, 170 F.3d 1246 (9th Cir. 1999) (reaching same result as Williamson but analyzing Oregon's sex offender registration law); accord Fowler v.

Sacramento County Sheriff's Dep't, 421 F.3d 1027 (9th Cir. 2005); Resendiz v. Kovensky, 416 F.3d 952 (9th Cir. 2005); Miranda v. Reno, 238 F.3d 1156 (9th Cir. 2001); Cozzetti v. Alaska, 1999 U.S. App. LEXIS 1318 (9th Cir. Jan. 27, 1999). The District of New Jersey compared the Washington sex offender registration requirements to New Jersey's sex offender registration requirements and found them substantially similar. See Shakir v. New Jersey, 2006 U.S. Dist. LEXIS 1322, at *5-6 (D.N.J. Jan. 16, 2006). Consequently, the New Jersey law does not restrict Petitioner's liberty, in that it does not prevent him from traveling, and does not require him to make appearances before state officials. See id. Since the requirement to register ensuing from the New Jersey sex offender statute is merely a collateral consequence to Petitioner's conviction, Petitioner's application does not satisfy the "in custody" requirement of habeas review. Therefore, Petitioner's Megan Law-based challenges should be dismissed for lack of jurisdiction. Accord Burnhart v. Thatcher, 2006 U.S. Dist. LEXIS 34390 (W.D. Wash. Apr. 18, 2006) (so concluding); Sheikh v. Chertoff, 2006 U.S. Dist. LEXIS 10110 (N.D. Cal. Feb. 23, 2006) (same); D'Amario v. Lynch, 2005 U.S. Dist. LEXIS 41506 (D.R.I. Dec. 29, 2005) (same); Darnell v. Anderson, 2005 U.S. Dist. LEXIS 15125 (N.D. Tex. July 25,

2005) (same); Nevers v. Caruso, 2005 U.S. Dist. LEXIS 8969 ( E.D. Mich. May 13, 2005) (same); Lannet v. Frank, 2004 U.S. Dist. LEXIS 15566 (W.D. Wis. Aug. 4, 2004) (same); Strout v. Maine, 2004 U.S. Dist. LEXIS 9635 (D. Me. May 27, 2004) (same); Quair v. Sisco, 359 F. Supp. 2d 948 (E.D. Cal. 2004) (same); In re Mardeusz, 2004 U.S. Dist. LEXIS 4520 (N.D. Cal. Mar. 15, 2004) (same); Bohner v. Daniels, 243 F. Supp. 2d 1171 (D. Or. 2003) (same); Rouse v. Chen, 2002 U.S. Dist. LEXIS 7733 (N.D. Cal. Apr. 19, 2002) (same); Chavez v. Superior Court, 194 F. Supp. 2d 1037 (C.D. Cal. 2002) (same); Rankins v. San Francisco AG, 2001 U.S. Dist. LEXIS 14715 (N.D. Cal. Aug. 31, 2001) (same); Porcelli v. United States, 2001 U.S. Dist. LEXIS 24649 (E.D.N.Y. July 13, 2001) (same); Thomas v. Morgan, 109 F. Supp. 2d 763, 2000 U.S. Dist. LEXIS 12529 (N.D. Ohio 2000) (same); Carson v. Hood, 1999 U.S. Dist. LEXIS 17008 (D. Or. Oct. 26, 1999) (same); Tyree v. Holt, 1999 U.S. Dist. LEXIS 17098 (S.D. Ala. Sept. 10, 1999) (same).

6. Finally, the Court turns to Petitioner's application for a temporary restraining order and for injunctive relief seeking: (a) to prevent notification of Petitioner's neighbors; and (b) this Court's order directing Petitioner's prison officials (or State officials) to repair Petitioner's real estate property on the grounds of Petitioner's interest

in obtaining income from renting that property.  Since it is self-evident that Petitioner's interest in these measures cannot fall within the realm of habeas review,[5] this Court construes these challenges applications for a writ of mandamus.[6]

7. The Mandamus Act vests the district court with original jurisdiction over any action in the nature of mandamus to compel an officer or agency of the United States to perform a duty owed to the litigant.  See 28 U.S.C. § 1361.  It is well-established that a writ of mandamus is an extraordinary

---

[5] A litigant is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody."  See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  In contrast, if a judgment in the prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable and a civil complaint is the appropriate form of remedy.  See, e.g., Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882 (3rd Cir. 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to his transfer between federal prisons); Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3rd Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil rights complaint).  Here, it is self-evident that neither the notification of Petitioner's neighbors nor the repair of his real estate property can have any effect on the duration of his confinement (which, in any event, already expired).

[6] The Court finds it superfluous to revisit and construe Petitioner's challenges seeking release from confinement as a mandamus application since, regardless of construction, these challenges were rendered moot by Petitioner's release.

remedy, to be granted only in extraordinary cases. See Heckler v. Ringer, 466 U.S. 602, 616 (1984); United States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970). Mandamus relief is appropriate "only when the [litigant's] claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992). The Supreme Court has set forth conditions to be established before mandamus relief is granted: (1) that the litigant has a clear right to have his application adjudicated; (2) that named adversaries owe a nondiscretionary duty to rule on the application; and (3) that the litigant has no other adequate remedy. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (party seeking issuance of the writ must "have no other adequate means to attain the relief he desires" and must show that his "right to issuance of the writ is clear and indisputable"); United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982), cert. denied, Matthews v. U.S., 459 U.S. 1211 (1983). Even where this burden is met, the court has discretion to deny the writ, "even when technical grounds for mandamus are satisfied." Coombs v. Staff Attorneys, 168 F. Supp. 2d 432, 434-35 (E.D. Pa. 2001)(citation omitted).

8.  Here, the Court finds no basis for mandamus relief. Petitioner cannot show that the right to the writ is clear and undisputable.  In fact, the State officials do have, under the prescripts of the Megan Law, a clear and undisputable duty to execute community notification and ensure supervision.  Moreover, Petitioner's former prison officials (or any State officials) have no duty whatsoever (and, indeed, no clear and undisputable duty) to repair Petitioner's real estate property regardless of Petitioner's desire to have that property repaired, or insured, or rented as a source of Petitioner's future income.  Therefore, all Petitioner's outstanding motions will be dismissed, as facially meritless.

    IT IS therefore, on this   3rd   day of   January  , 2011,

    ORDERED that the Petition, Docket Entry No. 1, is denied; and it is further

    ORDERED that Petitioner's motions, Docket Entries Nos. 1-2 and 3, and denied; and it is further

    ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail; and it is finally

    ORDERED that the Clerk shall close the file on this matter.

                                    s/Robert B. Kugler
                                    **ROBERT B. KUGLER**
                                    **United States District Judge**